UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| GAIL JONES, IN HER CAPACITY | ) | |
| AS EXECUTRIX OF THE ESTATE OF | ) | |
| GARY JONES, | ) | |
|     Plaintiff | ) | Civil Action No. 10-cv-146-PB |
| | ) | [Pending in District of New Hampshire] |
| v. | ) | |
| | ) | |
| LAWRENCE SECORD, | ) | |
|     Defendant | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS BY KEEPER OF THE RECORDS,
THE HANOVER INSURANCE GROUP, INC.**

The Plaintiff moves this Court, pursuant to Federal Rule of Civil Procedure 45, for an

order compelling the Keeper of the Records of the Hanover Insurance Group, Inc. ("Hanover"),

to produce documents in response to a subpoena issued to it by the Plaintiff in the above-

referenced action.  In support of this Motion, the Plaintiff states that on March 8, 2011, Plaintiff

served a subpoena (attached hereto as exhibit 2), on the Keeper of the Records of Hanover.  Both

Hanover and the Defendant objected to this subpoena on the grounds that it sought documents

protected by the work product doctrine.  As set forth below, both Hanover and the Defendant

have failed to meet their burden of establishing that the requested documents are protected by the

work product privilege.  Moreover, even if the documents in question were somehow privileged,

Hanover waived that privilege by disclosing the substance of the alleged privileged

communications to Plaintiff's counsel, and by allowing the Defendant to testify about these

allegedly privileged communications without objection at his deposition.  In further support of

this Motion, the Plaintiff states as follows:

**FACTS**

This case arises out of a botched robbery attempt in 2007 in which Michael Woodbury shot and killed three innocent victims, including the Plaintiff's decedent, Gary Jones, in North Conway, New Hampshire.  The gun used to commit the murders was owned by the Defendant, Lawrence Secord, Mr. Woodbury's grandfather.  The Plaintiff contends that the Defendant was negligent in failing to properly secure his handgun and in failing to promptly report the theft of his handgun to the police.

Prior to filing suit in this matter, Plaintiff's counsel sent a demand letter to the Defendant. In this demand letter, Plaintiff's counsel asserted, among other things, that the Defendant was negligent in failing to report the theft of the murder weapon to the police in a timely manner. Plaintiff's assertion in this regard was based on Defendant's statement to the New Hampshire State Police that he first learned of the theft of his handgun on June 28, 2007, approximately five days prior to the murder in question.  In response to this demand letter, Plaintiff's counsel received a telephone call from Donna Moniz-Levesque, a claims representative from Hanover, the company that issued Defendant's homeowner's insurance policy.  During the course of this telephone conversation, Ms. Moniz-Levesque informed Plaintiff's counsel that she had spoken to the Defendant regarding the allegations contained in Plaintiff's counsel's demand letter.  Among other things, Ms. Moniz-Levesque informed Plaintiff's counsel that the Defendant had informed her that he first learned of the theft of his handgun on June 30, 2007, approximately two days prior to the murder of Mr. Jones.  Ms. Moniz-Levesque went on to argue that even if the Defendant had reported the theft of the handgun to the police on June 30, 2007, it was unlikely that the police would have apprehended Mr. Woodbury prior to Mr. Jones' July 2nd murder. During the course of this conversation, Ms. Moniz-Levesque made it clear to Plaintiff's counsel

that the Defendant had informed her that he knew of the theft of his handgun *prior to* Mr. Jones'

murder.  On July 14, 2010, Plaintiff's counsel took the deposition of the Defendant. During the

course of this deposition, the Defendant testified that he did not learn of the theft of his handgun

until July 3, 2007, the day after Mr. Jones murder.  Thus, the Defendant has now provided three

inconsistent statements regarding the date on which he first learned of the theft of his handgun.

In April 2010, Ms. Jones filed suit in the District Court of New Hampshire, claiming,

among other things, that the Defendant was negligent in the storage of the revolver and in his

failure to report the theft of his handgun to the police.  In March 2011, the Plaintiff subpoenaed

documents from Hanover and its agents regarding statements made by the Defendant concerning

the events in the complaint.  On March 16, 2011, the Defendant filed a Motion to Quash the

subpoena in the District Court of New Hampshire claiming that all statements made by the

Defendant to Hanover, including factual statements regarding the events set forth in Plaintiff's

Complaint, are protected as work product.[1]  *See* ex. 3.  Hanover likewise filed an objection in the

same court asserting attorney-client and work product privilege over all documents the Plaintiff

requests.  Ex. 4.

**ARGUMENT**

**I.      Hanover and the Defendant Fail to Prove that Documents the Plaintiff Seeks Are
        Protected as Work Product.**

The Plaintiff does not seek the production of any documents that constitute privileged

attorney-client communications.   The party objecting to the production of documents bears the

burden of establishing that the materials are "work product."  *Amica Mut. Ins. Co. v. W.C.*

---

[1]      The Plaintiff objected to the Defendant's motion on the grounds that the District Court of New Hampshire
lacks jurisdiction to quash the subpoena because the subpoena was issued from this court.  Federal Rule of Civil
Procedure 45(c)(3)(A) provides that "*the issuing court* must quash or modify a subpoena."  Jurisdiction is proper in
this Court because it issued the subpoena and, therefore, has jurisdiction to compel production.  Fed. R. Civ. P.
45(c)(2)(B)(i) ("the serving party may move *the issuing court* for an order compelling production") (emphasis
added).

*Bradley Co.*, 217 F.R.D. 79, 82-83 (D. Mass. 2003); *see also Galvin v. Pepe*, No. 09-cv-104-PB,

2010 WL 2720608, * 3 (D.N.H. July 8, 2010).  The test is "whether, in light of the nature of the

document and the factual situation in the particular case, the document can fairly be said to have

been prepared or obtained because of the prospect of litigation."  *See Galvin*, 2010 WL 2720608

at *3 (citing *S.D. Warren Co. v. E. Elec. Corp.*, 201 F.R.D. 208, 282 (D. Me. 2001)).  In the

context of insurance companies, investigations are not *per se* conducted in anticipation of

litigation.  *Amica*, 217 F.R.D. at 83.  Instead, the question is fact-specific and the insurance

company must meet its burden of proof under Federal Rule of Civil Procedure 26(b)(3).  *See id.*

Further, documents that are prepared in the ordinary course of business, or would have been

created in an essentially similar form, are not protected even if they aid in preparing for

litigation.  *Id.*

     As set forth above, the documents sought by the Plaintiff cannot reasonably be

characterized as "work product."  Rather, the Plaintiff seeks production of only those documents

that reflect factual statements made by the Defendant to Hanover relating to the allegations

contained in Plaintiff's Complaint.  Specifically, the Plaintiff seeks discovery of any statement

made by the Defendant regarding the manner in which the murder weapon was stored as well as

the date on which the Defendant first learned that his handgun had been stolen from his property.

In her affidavit, Ms. Moniz-Levesque, acknowledges that Hanover is in possession of documents

reflecting factual statements made by the Defendant regarding "the storage of the gun allegedly

used by Michael Woodbury . . . and how Michael Woodbury obtained possession of the gun."

Ex. 4.  Further, the privilege log provided by Hanover reflects a written statement of the

Defendant, which was sent to Ms. Moniz-Levesque, and multiple reports, including multiple

documents that purport to contain a "summary of facts" derived from interviews of the

Defendant, that contain statements of the Defendant regarding the theft of the murder weapon from his property. *Id.* Because these documents reflect factual statements made by the Defendant to Hanover, they are not protected by the work product doctrine, and are therefore discoverable.

Hanover and the Defendant's assertion of work product privilege fail for two reasons. *First*, although the mental impressions, conclusions, opinions, and legal theories of the Defendant may be protected, purely factual matters are not. As the United States Supreme Court made clear, privilege does not protect the disclosure of underlying facts by those communicating with an attorney. *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("The [attorney-client] privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney"). Likewise, the work product privilege does not protect factual statements. *See FDIC v. Nash*, No. 97-CV-187, 1998 WL 34061514, *5 (D.N.H. Sept. 25, 1998) ("[w]ork product protection does not apply to factual information known to a witness that was not prepared in anticipation of litigation. Thus, no compelling need is necessary to inquire about facts known . . . that would not reveal the mental impressions, conclusion, opinions, or legal theories communicated to [attorneys]" (citations omitted)); 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.70[2][a] (3d ed. 2011) ("[work product] does not protect facts concerning the creation of work product, or *facts contained within work product*") (emphasis added). As discussed above, Plaintiff is seeking only those documents that contain factual statements communicated by the Defendant to Hanover. These facts are freely discoverable and cannot be protected as work product.[2]

---

[2]    Ms. Jones realizes that the documents containing these facts may also include information that is protected as work product. In that instance, she is aware that she may receive redacted documents because Hanover may redact information that is a mental impression, conclusion, opinion, and legal theory. But redacted documents are acceptable as long as she is provided access to the facts contained therein.

*Second*, a mere allegation that the work product doctrine is applicable is insufficient to meet the initial burden.  *See Sham v. Hyannis Heritage House Hotel, Inc.*, 118 F.R.D. 24, 26-27 (D. Mass. 1987) (rejecting insurer's assertion of work product privilege based on conclusory assertions); 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.70[5][a] (3d ed. 2011).  In his motion, the Defendant presents the standard for determining whether a document is protected as work product and then, in a cursory fashion, states that all information provided by him to the insurance company is protected because it was done in preparation for litigation.  Hanover, likewise, makes a blanket assertion of work product privilege asserting that the documents were prepared in anticipation of litigation.  These statements, without more, are insufficient to meet the initial burden.  Moreover, this court has rejected the notion that an insurance claim file is presumed to have been prepared in anticipation of litigation.  *See Amica*, 217 F.R.D. at 83; *see also Galvin*, 2010 WL 2720608 at *4 (rejecting line of cases holding that a claim file is presumed to be made in anticipation of litigation).  Hanover and the Defendant, therefore, have the burden of proving what information in the claim file was not prepared in the ordinary course of business—*i.e.* investigating a claim—and was actually prepared in anticipation of litigation.  Their blanket assertions of privilege fail to meet this burden.

The Defendant and Hanover have failed to meet their burden and instead attempt to prematurely shift the burden to Ms. Jones to show that she has a substantial need for these documents and cannot obtain them without undue hardship.  *See* Fed. R. Civ. P. 26(b)(3).  This is improper.  *See Sham*, 118 F.R.D. at 27 n.7 (rejecting argument that plaintiff must show substantial need and stating "that contention need only be examined once the Court has determined that the sought discovery is indeed otherwise entitled to work-product protection. Absent [that finding], the only showing that the party seeking discovery must make is that the

documents sought are relevant in accordance with Fed. R. Civ. P. 26(b)(1)." (citations omitted)).

But, even if the burden shifts, Ms. Jones would have no problem meeting this burden.  Ms. Jones

has a substantial need for these documents because the facts contained therein go to the heart of

the Defendant's negligence in failing to report the theft of his guns to the police.  Ms. Jones also

has no other reasonable way of obtaining this information because Hanover is the sole keeper of

the records on this point.  Preventing Ms. Jones from obtaining these records from Hanover

would completely foreclose her opportunity to discover these facts, which are critical to her case.

**II. The Defendant Waived Any Claims of Privilege to the Documents Ms. Jones Seeks.**

Even assuming that Hanover and the Defendant's perfunctory allegations are sufficient,

any claim of privilege was waived because the Defendant failed to raise any objection when

questioned about these facts and Hanover offered some of the information without objection.

In addressing the work product privilege, the First Circuit stated that the purpose of the

privilege is to protect information from "adversaries."  *United States v. Mass. Inst. of Tech.*, 129

F.3d 681, 687 (1st Cir. 1997); *accord FDIC*, 1998 WL 34061514 at *4 ("the work product

doctrine protects an attorney's trial preparation from adversaries").  As such, "disclosing material

in a way inconsistent with keeping it from an adversary waives work product protection,"

*Massachusetts Institute of Technology*, 129 F.3d at 687, as does disclosure to a third party that

substantially increases the likelihood that protected information would be revealed to an

adversary.  *FDIC*, 1998 WL 34061514 at *4 ("[d]isclosure of mental impressions, trial strategy,

or other information ordinarily protected as work product to an actual or potential adversary

forfeits protection").

When asked about his conversations with Ms. Moniz-Levesque at his deposition, the

Defendant testified freely on this topic without objection.  Specifically, the following exchange

took place without objection:

> Q:  Do you recall having any conversations with a Donna Monique Leveque [sic]?
> A:  Yes.
> Q:  From Hanover Insurance Company?
> A:  Yes.
> Q:  What did you tell her about when you first learned that your camp had been
>      burglarized?
> A:  That would have been on July 3rd.
> Q:  That's what you told her?
> A:  I believe so.
> Q:  You didn't tell her June 30th?
> A:  No.

Secord Tr. 49:11-22 (ex. 5).  The Defendant's conduct in this regard is clearly inconsistent with

his belated assertion that such communications are privileged.  By his actions the Defendant

waived any claim of privilege to these communications and cannot raise them now.

Moreover, during her pre-suit conversations with Plaintiff's counsel, Ms. Moniz-

Levesque, voluntarily disclosed conversations that she had with the Defendant, including

conversations relating to the date on which the Defendant first learned that his handgun had been

stolen. Perry Aff. ¶ 3, ex. 1.  Ms. Moniz-Levesque's voluntary disclosure of the substance of her

communications with the Defendant constitutes a waiver of any privilege claim based on the

work product doctrine.

### CONCLUSION

For all of the reasons set forth above, Ms. Jones respectfully requests that the Court

compel the Keeper of the Records, the Hanover Insurance Group, Inc., to produce the documents

identified in the subpoena.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

This is to certify that, pursuant to Local Rule 7.1, counsel for Ms. Jones conferred with

counsel for the Defendant and Hanover in a good-faith effort to narrow or resolve the issues set

forth in this motion.

Respectfully Submitted,

GAIL JONES, in her capacity as Executrix of the
Estate of Gary Jones,

By her attorneys,

/s/ Michael R. Perry
Michael R. Perry (BBO # 555300)
MURPHY & KING, Professional Corporation
One Beacon Street
Boston, MA 02108
(617) 423-0400
mrp@murphyking.com

Date:  April 21, 2011

**Certificate of Service**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and electronic copies will be sent to those indicated as non-registered participants, and copies will also be sent by electronic mail to the parties listed below on this 21st day of April, 2011:

COUNSEL TO DEFENDANT:

Andrew Ranks, Esq.
Boyle, Shaughnessy & Campo PC (NH)
650 Elm St
Manchester, NH 03101
Email: aranks@BSCtrialattorneys.com

and

Mark W. Shaughnessy, Esq.
Boyle, Shaughnessy & Campo PC (MA)
695 Atlantic Ave, 11th Floor
Boston, MA 02111
Email: mshaughnessy@BSCtrialattorneys.com


COUNSEL TO HANOVER INSURANCE GROUP, INC.:

Michael S. Kinson, Esq.
Law Office of John M. Horn
225 Friend Street, Suite 505
Boston, MA 02114
Email: mkinson@hanover.com

/s/ Michael R. Perry
Michael R. Perry