# Exhibit 3(a)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| GAIL JONES, IN HER CAPACITY <br> AS EXECUTRIX OF THE ESTATE OF <br> GARY JONES, <br> Plaintiff <br><br> v. <br><br> LAWRENCE SECORD <br> Defendant | Civil Action No. 10-cv-146-PB |

### DEFENDANT'S MOTION TO QUASH NOTICE OF DEPOSITION

NOW COMES the Defendant, Lawrence Secord, by and through his attorneys, Boyle, Shaughnessy & Campo, and respectfully requests that this Court quash Plaintiff's Notice of Deposition and Subpoena of the Keeper of the Records of the Hanover Insurance Group, Inc. (Massachusetts Bay Insurance Company), and enter an order precluding Plaintiff from taking the deposition of, or issuing a subpoena to, the same. In support of this Motion, Defendant states as follows:

1. This case arises out of a botched robbery attempt by Michael Woodbury at the Army Barracks Store in North Conway on July 2, 2007, during which Woodbury shot and killed three people, including Gary Jones, with a .22 revolver that he had earlier stolen from the hunting camp of his grandfather, Defendant Lawrence Secord.

2. On or about April 19, 2010, Plaintiff filed suit in this matter, claiming that Defendant breached legal duties owed to Mr. Jones by failing to secure his .22 revolver in a safe and reasonable manner and by failing to report the break-in of his camp and the

theft of his gun to the authorities. Michael Woodbury has been disclosed as a *Debenedetto* party.

3. On or about March 11, 2011, Counsel for Defendant received a Notice of Deposition and Subpoena of the Keeper of the Records of the Hanover Insurance Group, Inc. for March 22, 2011. See Exhibit 1, March 11, 2001 Letter from Attorney Perry to Attorneys Shaughnessy and Ranks, enclosing Notice of Deposition and Subpoena of the Keeper of the Records of the Hanover Insurance Group, Inc. (Massachusetts Bay Insurance Company). Defendant maintains a homeowner's insurance policy with Hanover Insurance Group, Inc.

4. The Subpoena of the Keeper of the Records of the Hanover Insurance Group, Inc. commands him or her to produce the following documents:

    a. All documents reflecting any statements made by the Defendant, Lawrence Secord, that relate in any way to the events alleged in Plaintiff's Complaint;

    b. All documents reflecting any statements made by the Defendant, Lawrence Secord, to Donna Moniz-Levesque or any other representative of the Hanover/Massachusetts Bay Insurance Company that relate in any way to the events set forth in Plaintiff's Complaint;

    c. All documents reflecting any statements made by the Defendant, Lawrence Secord, to Donna Moniz-Levesque or any other agent or employee of the Hanover/Massachusetts Bay Insurance Company regarding the date on which he first learned that the .22 caliber revolver used to murder Gary Jones had been taken from his hunting cabin; and

    d. All documents reflecting any interviews of the Defendant, Lawrence Secord, conducted by Donna Moniz-Levesque or any other agent or employee of Hanover/Massachusetts Bay Insurance Company that relate in any way to the events set forth in Plaintiff's Complaint.

5. Federal Rule of Civil Procedure 26(b)(3) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). Fed. R. Civ. P. 26(b)(3).

6. In order to determine whether a document constitutes protected work product, prepared in anticipation of litigation under Fed. R. Civ. P. 26(b)(3), a court will look to "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to been prepared or obtained because of the prospect of litigation." Galvin v. Pepe, Civ. No. 09-cv-104-PB, 2010 WL 2720608, at *3 (D.N.H. July 8, 2010) (slip copy).

7. In this matter, any statements or interviews that Defendant made or gave to any agent or employee of Hanover Insurance Group, Inc. concerning the events set forth in Plaintiff's Complaint were made or given *after* Plaintiff had notified Defendant that she was planning to file suit in this matter, and *after* Defendant had contacted Hanover/Massachusetts Bay Insurance Company solely as a result of the pending law suit. In fact, any involvement that Hanover/Massachusetts Bay Insurance Company had with Defendant relating *in any way* to the events set forth in Plaintiff's Complaint was in direct preparation of litigation in this matter, and began after the Company was notified that Plaintiff was going to file suit, almost three years after Mr. Jones' death.

6. As a result, any statements or interviews that Defendant made or gave to Donna Moniz-Levesque or any other representative of Hanover Insurance Group, Inc. that relate in any way to the events set forth in Plaintiff's Complaint, including any regarding the date on which he first learned that the .22 caliber revolver used to murder

3

Gary Jones had been taken from his hunting cabin, constitute protected information obtained in preparation of the litigation of this lawsuit. Furthermore, any documents reflecting any statements or interviews described above constitute documents prepared in anticipation of litigation, and are therefore likewise protected under Federal Rule of Civil Procedure 26(b)(3), and any knowledge that the Keeper of the Records of Hanover Insurance Group, Inc. has concerning any protected documents is therefore protected as well.

7. As all requested documents are protected under Federal Rule of Civil Procedure 26(b)(3), and any knowledge that the Keeper of Records has concerning those documents is therefore also protected, Defendant requests that this Court quash Plaintiff's Notice of Deposition and Subpoena of the Keeper of the Records of the Hanover Insurance Group, Inc. (Massachusetts Bay Insurance Company) and enter an order precluding Plaintiff from taking the deposition of the Keeper of the Records or from subpoenaing documents from him or her reflecting any statements or interviews made by the Defendant relating in any way to the events alleged in Plaintiff's Complaint.

12. Due to the nature of the relief requested herein, Defendant has not contacted Plaintiff's Counsel for consent to this Motion.

13. Defendant believes that a memorandum of law is unnecessary as this issue is guided by the Federal Rules of Civil Procedure, and relevant case law has been cited herein. A memorandum of law will be provided upon request.

WHEREFORE, Defendant Lawrence Secord respectfully requests that this Court:

a. Quash Plaintiff's Notice of Deposition and Subpoena of the Keeper of the Records of the Hanover Insurance Group, Inc. (Massachusetts Bay Insurance Company), set for March 22, 2011;

b. Enter an Order precluding Plaintiffs from taking the deposition of the Keeper of the Records of the Hanover Insurance Group, Inc. (Massachusetts Bay Insurance Company) or from subpoenaing protected documents from the same; and

c. Grant any such other relief as may be just and equitable.

 

Respectfully Submitted,
THE DEFENDANT,
LAWRENCE SECORD
BY HIS ATTORNEYS,

DATED: 3/16/11

/s/ Andrew B. Ranks
Mark W. Shaughnessy, Esq., NH Bar ID No.: 16311
mshaughnessy@BSCtrialattorneys.com
Andrew B. Ranks, Esq. NH Bar ID No.: 17747
aranks@BSCtrialattorneys.com
Boyle, Shaughnessy & Campo, P.C.
650 Elm Street, Suite 303
Manchester, NH 03101
(603) 668-6216
FAX: (603) 668-6217

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 16th day of March, 2011.

> Michael R. Perry, Esquire
> Charles Bennett, Esq.
> Hanify & King, P.C.
> One Beacon Street
> Boston, MA 02108

Dated: 3/16/2011   By:   /s/ Andrew B. Ranks
Andrew B. Ranks, Esq., NH Bar ID No.: 17747
Boyle, Shaughnessy & Campo, P.C.
650 Elm Street, Suite 303
Manchester, NH 03101
(603) 668-6216
FAX: (603) 668-6217